# In the United States Court of Federal Claims

No. 24-131

Filed: March 21, 2024

---

**HERNDON HUNT OUTLAW RIDDLE,**

    *Plaintiff,*

v.

**THE UNITED STATES,**

    *Defendant.*

---

*Herndon Hunt Outlaw Riddle*, Petersburg, VA, Pro Se

*Ravi Dhananjayen Soopramanien*, Trial Attorney, with *Steven J. Gillingham*, Assistant Director, *Patricia McCarthy*, Director, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff, Herndon Hunt Outlaw Riddle ("Mr. Riddle"), seeks relief related to a list of claims, including breach of contract and contractual fraud and misrepresentation. (*See generally* Compl., ECF No. 1).[1] In support, Mr. Riddle cites to the United States' failure to remit a passport, as well as a variety of unrelated statutory schemes and secondary legal sources. The United States moves to dismiss all pending claims. (Def.'s Mot., ECF No. 7). The Court agrees that Mr. Riddle's claims are not cognizable. Thus, the Court dismisses the Complaint.

---

[1] Mr. Riddle claims to be a North Carolina national, and therefore foreign to the United States and its jurisdiction. (Compl. at 2). Mr. Riddle's Complaint and supporting documents echo that of the sovereign citizen movement. The Court has noted this in dismissing Mr. Riddle's prior litigation. (*See* Case No. 23-1424, ECF No. 5 at p. 1 n.1). Mr. Riddle acknowledges that the prior claims are similar to those listed in this Complaint. (Compl. at 1 ("This Court has previously acknowledged and accepted jurisdiction there of cases 1:23-cv-01390-RTH [], 1:23-cv-01310-TDM; 1:23-cv-01424-DAT; 1:23-cv-01507-CFL, which are similar to this complaint.")).

1

## I. DISCUSSION

### A. Legal Standards

The Court has an "independent obligation" to ensure subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Tucker Act is the principal statute governing this Court's jurisdiction. 28 U.S.C. § 1491. The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). However, the Tucker Act is merely jurisdictional and does not create a substantive right enforceable against the United States. *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). To come within the Court's jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172. Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve a pro se plaintiff of the jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Under RCFC 12(h)(3), this Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

A motion to dismiss for failure to state a claim upon which relief can be granted is governed by Rule 12(b)(6). This rule requires dismissal when a complaint fails to state a "claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). At the pleading stage, the plausibility standard does not impose a probability requirement; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the plaintiff's allegations. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). Under Rule 12(b)(6) a claim must be dismissed "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). In evaluating a motion to dismiss, the Court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted).

### B. Analysis

First, Mr. Riddle claims that the United States breached a contract by failing to approve his passport application. (Compl. at 4 (citing Ex. E (passport application)); *see also* Compl. Ex. I). This claim must be dismissed. The four elements of a federal government contract are: "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008). Contract requirements with the United States are the same for both express and implied-in-fact contracts. *Sommers Oil Co.*, 241 F.3d at 1378.

Contract law requires "that each party manifest assent with reference to the manifestation of the other." Restatement (Second) of Contracts § 23. Mr. Riddle claims that the United States

accepted his contract offer through silence and acquiescence. (Compl. at 4). However, the United States' silence cannot be an acceptance of Mr. Riddle's contract offer. *Ibrahim v. United States*, 799 F. App'x 865, 868 (Fed. Cir. 2020) (finding failure to respond insufficient to constitute acceptance). Consequently, the United States' failure to perform the alleged contractual obligations cannot be considered a breach, since there was no existing contract. *Id.* Therefore, the Court dismisses Mr. Riddle's claim for breach.

Following his breach claim, Mr. Riddle lists several statutory schemes and block quotes from secondary sources; even read liberally, these provisions do not constitute valid claims. For example, Mr. Riddle states that the United States has committed contractual fraud and misrepresentation. (Compl. at 6). In support, he cites Exhibit B to his Complaint, which is a forty-one-page document titled "Affidavit of Contractual Fraud and Misrepresentation." (*Id.*). This document quotes several provisions of the Restatement of Contracts, the penal code, the statute of frauds, and more; these provisions appear to culminate in allegations that Mr. Riddle was fraudulently induced into being used as a surety, violating his Fourteenth Amendment rights, and subjected to involuntary servitude, presumably violating the Thirteenth Amendment. (*Id.* Ex. B at 1–8). Insomuch as Mr. Riddle attempts to invoke those constitutional rights, it is to no avail. The Federal Circuit has expressly held that this Court lacks jurisdiction over claims arising under the Due Process Clause of the Fourteenth Amendment. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth and Fourteenth Amendment Due Process Clauses). Likewise, it is well-established that the Thirteenth Amendment does not mandate the payment of money from the United States. *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981); *Allen v. United States*, 125 Fed. Cl. 138, 145 (2016); *Gibson v. United States*, 121 Fed. Cl. 215, 217 (2015); *Pleasant-Bey v. United States*, 99 Fed. Cl. 363, 367 (2011); *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007); *Humphrey v. United States*, 52 Fed. Cl. 593, 598 (2002). As the Thirteenth Amendment is not money-mandating, this Court clearly lacks subject matter jurisdiction over Plaintiff's claims alleging a violation of the Thirteenth Amendment. *See* 28 U.S.C. § 1491(a)(1); *Humphrey v. United States*, 60 F. App'x 292, 295 (Fed. Cir. 2003) (upholding the Court of Federal Claims' dismissal of a Thirteenth Amendment claim).

To the extent Mr. Riddle asserts tortious claims of fraud, this is also outside the Court's jurisdiction. In the civil context, fraudulent misrepresentation is a tort, and the Tucker Act specifically excepts torts from this Court's jurisdiction. 28 U.S.C. § 1491 (granting jurisdiction to claims "not sounding in tort"); *see Cycenas v. United States*, 120 Fed. Cl. 485, 491, 498 (2015) (dismissing claim against private individuals who allegedly made fraudulent misrepresentations in the plaintiff's bankruptcy proceeding); *Shearin v. United States*, 992 F.2d 1195, 1197 (1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."). Thus, any claim for fraud is beyond this Court's jurisdiction and must be dismissed.

To the degree that Mr. Riddle asserts a claim for unjust enrichment stemming from his surety issue, (Compl. at 6), this claim is also outside the Court's jurisdiction. Claims founded on unjust enrichment theories rely on the equitable principle of contracts implied in law. *Jarurn Invs., LLC v. United States*, 144 Fed. Cl. 255, 262–63 (2019). This Court's Tucker Act jurisdiction does not encompass claims founded on contracts implied in law. *Id.*; *see also Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996) (holding that Tucker Act jurisdiction

excludes claims founded on contracts implied in law). Therefore, any claim founded on unjust enrichment is beyond this Court's jurisdiction and must be dismissed.

The United States also moves to dismiss Mr. Riddle's claim, if any, for "unjust conviction." (Def.'s Mot. at 2). However, the Court reads Mr. Riddle's Complaint as merely referencing it and intentionally *not* making this claim. (Compl. at 11 ("[A]s any 'criminal conviction' under the modern era of mass deception – thereof Claimant – could, in-fact [sic], be by definition, Cruel and Unusual punishment; it is not, by Claimant, hereby declared, nor invoked for purposes thereof this Complaint[.]")) Even so, were Mr. Riddle, attempting to state such a claim, it would fail. This Court typically has jurisdiction over damages claims for unjust conviction and imprisonment. *See* 28 U.S.C. § 1495. To invoke the Court's jurisdiction under § 1495, however, plaintiffs must comply with certain conditions—Mr. Riddle has not done so.

To succeed on such a claim, plaintiffs "must allege and prove" that their conviction was "reversed or set aside" in particular circumstances, or that their conviction was pardoned on the basis that they were innocent and unjustly convicted. 28 U.S.C. § 2513(a)(1). Plaintiffs must also "allege and prove" that they did not commit the offense and that they did not bring about their prosecution by their own misconduct. *Id.* § 2513(a)(2). Finally, plaintiffs must provide a certificate to prove that the conviction was set aside or pardoned in the manner alleged. *Id.* § 2513(b). These conditions constitute jurisdictional requirements. *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958); *see Jackson v. United States*, 162 Fed. Cl. 282, 297–99 (2022) (explaining that alleging the elements of § 2513 is a jurisdictional requirement for claims invoking the Court's jurisdiction under 28 U.S.C. § 1495). Mr. Riddle has not alleged any of the conditions enumerated in § 2513. Accordingly, to the extent the Complaint challenges Mr. Riddle's conviction under these provisions, the Court lacks jurisdiction to hear those claims.

## II. ORDER GRANTING JUDGMENT FOR THE UNITED STATES

For the stated reasons, Mr. Riddle's Complaint, (ECF No. 1), must be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. Therefore, The United States' Motion to Dismiss, (ECF No. 7), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.

## III. MISCELLANEOUS

There are various outstanding issues in this pending litigation that must be addressed. Mr. Riddle submitted his Complaint with a money order for $402—a sum representing the Court's filing fee at the time of his prior litigation. As of December 1, 2023, that filing fee increased to $405. *See* U.S. Court of Federal Claims Fee Schedule https://www.uscourts.gov/services-forms/fees/us-court-federal-claims-fee-schedule (last visited Mar. 20, 2024). Due to the Clerk's Office policy of rejecting partial filing fees, the Court ordered that the partial filing fee be returned to Mr. Riddle and that the full filing fee be remitted within fourteen days. (ECF No. 5). The $402 fee was returned on January 29, 2024, (ECF No. 4). Mr. Riddle timely submitted an additional payment of $3, (*see* Docket Entry Feb. 15, 2024), but failed to remit the full filing fee as ordered. In the interim, the Clerk's Office notified chambers that "the [January 29, 2024] letter (ECF#4) returning the $402 money order seems to have been intercepted somewhere between

the court and the USPS." Due to this logistical error beyond the Court's and Mr. Riddle's control, the Clerk is directed to **ACCEPT** the $3 payment. The remainder of Mr. Riddle's filing fee is **WAIVED**—no further payment is necessary.

Mr. Riddle has attempted to submit at least two filings, (ECF Nos. 7, 8), that have already been docketed. These are improper submissions and do not comply with the Rules of this Court. The Clerk is directed to **REJECT** those filings, as well as any other duplicate filings that may be filed after the date of this order.

On March 19, Mr. Riddle moved to strike "Defendant's Reply Brief in Support of the United States' Motion For Summary Dismissal or Alternatively, Motion to Stay Proceedings." (ECF No. 10). Mr. Riddle alleges that this filing constitutes an attempt to introduce new arguments that should have been made in the United States' Motion to Dismiss, (ECF No. 7). With this bare assertion and no specific argument, the Court finds that Mr. Riddle's motion is unsupported. Therefore, his motion to strike the United States' reply brief is **DENIED**.

On the same day, Mr. Riddle also moved, (ECF No. 11), to retitle Plaintiff's Motion for Summary Judgment to "Plaintiff's Response to Defendants' Motion for Summary Dismissal of Pro Se Complaint," (ECF No. 8). For purposes of the United States' Motion to Dismiss, the Court considered that filing as Mr. Riddle's response opposing dismissal. Mr. Riddle's motion to properly retitle that document is hereby **GRANTED**. Given the reclassification of this document, the Motion for Summary Judgment, (ECF No. 8), is **TERMINATED**.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge